UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20626-CIV-SEITZ/SIMONTON

SUZUKI MOTOR CORPORATION,
et al.,

      Plaintiffs,

vs.

JIUJIANG HISON MOTOR BOAT
MANUFACTURING CO., LTD.,

      Defendant.
_____/

## REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Presently pending before the Court is Plaintiff's Motion for Final Default Judgment (DE # 43), which has been granted by the Court except for the determination of attorney's fees and costs. The motion has been referred to the undersigned Magistrate Judge (DE # 46) for the calculation of reasonable attorney's fees and costs. The deadline for responding to the motion passed without the Defendant filing a response. Following a careful review of the record as a whole, it is hereby recommended that Plaintiffs' request for attorney's fees and costs be GRANTED by default.

This matter was initiated on February 15, 2012, when Plaintiffs Suzuki Motor Corporation and American Suzuki Motor Corporation filed this lawsuit against Jiujiang Hison Motor Boat Manufacturing Co., Ltd., seeking declaratory relief, injunctive relief, and damages, for Defendant's alleged trademark infringement and other related violations under the Lanham Act, 15 U.S.C. §§ 1051 to 1141n, as well as Florida law, regarding use of the trademark "Suzuki." (DE # 1). The Court entered an Order granting

an Emergency Temporary Restraining Order (DE # 20), and later a Preliminary Injunction by consent (DE # 31). Ultimately, the Court entered an Order granting Plaintiffs' Motion for Final Default Judgment and entered a final judgment and permanent injunctive order against Defendant in favor of Plaintiffs. The presiding District Judge noted that the "Plaintiffs are entitled to their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a) of the Lanham Act and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501 .2105. (DE # 45). The matter of quantifying reasonable attorney's fees and costs was referred to the undersigned. *Id.*

Plaintiffs seek to recover attorney's fees in the amount of $197,963.00. (DE # 43-4 at ¶30). Plaintiffs have submitted the Declaration of Neil C. Jones. Esq., of Nelson Mullins Riley & Scarborough LLP, who is the attorney of record for the Plaintiffs. According to the Declaration, the following attorneys performed billable work at these corresponding rates:

    Neil C. Jones - 240.7 hours at $425/hour;

    Steven G. Morrison - 97.4 hours at $495/hour;

    Mark C. Dukes - 67.5 hours at $425/hour; and

    Edward M. Mullins - 41.7 hours at $450/hour.

(DE # 43-4 at 5-6). Plaintiffs also seek the imposition of $16,038.44 in costs pursuant to the Lanham Act (15 U.S.C. § 1117(a)) and the Florida Deceptive and Unfair Trade Practices Act (Fla. § 501.2105) against Defendant. Plaintiffs again rely on Jones's Declaration to establish the costs associated with its private investigators' gathering and discovering of information to support this action, the motions for preliminary relief and the motion for default judgment. (DE # 43-4).

Since Defendant has not responded to the Motion, and therefore has not

challenged the reasonableness of this amount, pursuant to Local Rule 7.1(c), this Court may grant the Motion by default. Moreover, the undersigned has applied the factors as enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to the fees requested, and finds that the requested fees are reasonable, although the hourly rates are at the high end of reasonableness. The costs incurred also appear reasonable.

Therefore, pursuant to Local Rule 7.1(c), it is hereby

**RECOMMENDED** that Plaintiffs' Motion for Final Default Judgment (DE # 43), which has been granted by the Court except for the determination of attorney's fees and costs, also be **GRANTED by default** as to the amount of fees and costs; and, that Plaintiff be awarded $197,963.00 in attorney's fees and $16,038.44 in costs.

The parties will have fourteen calendar days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida on June 21, 2013.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Patricia A. Seitz,
    United States District Judge
All counsel of record